IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>NICK NAPOLI,<br><br>    Defendant. | Civil Action. No.: 1:05-CV-00597 |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE**

    Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs ask this Court for an additional 60 days to serve the Defendant with the Summons and Complaint. In support, Plaintiffs state as follows:

    1.  The Plaintiffs filed their Complaint on June 24, 2005 and the 120-day deadline to effectuate service is October 21, 2005. At the time of the filing, Plaintiffs immediately engaged a process server to serve the Defendant with process.

    2.  The process server attempted to serve the Defendant at the address listed on the Summons, but was advised by a current occupant that the Defendant no longer resides

1

162042.1

there. Plaintiffs then hired a national investigation firm to attempt to locate a new address for the Defendant. Despite a thorough investigation, a new address was not found.

3. Plaintiffs are in the process of hiring a private investigator in the Alabama area to locate a more current address for the defendant. Once Plaintiffs obtain a new address from the investigator, Plaintiffs will immediately engage a process server to serve the Defendant with process.

4. Plaintiffs' diligence in seeking to serve the Defendant demonstrates the "good cause" required under Rule 4 for an extension of the time for service. *See Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (court must grant extension of service deadline upon a showing of good cause). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *See Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996).

5. Because the copyright infringements alleged here occurred just last year, the 3-year limitations period for these claims has not expired. *See* 17 U.S.C.A. § 507(b) (West 1996). There can thus be no prejudice to the defendant from any delay in serving the complaint.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs an additional 60 days to serve the Defendant with the Summons and Complaint.

162042.1

Respectfully submitted,

October 21, 2005    /s Leslie E. Williams

Dorman Walker  (Bar # WAL086)
Leslie E. Williams  (Bar # WIL318)
BALCH & BINGHAM LLP
2 Dexter Avenue
P.O. Box 78 (36101)
Montgomery, Alabama 36104
Telephone: (334) 834-6500
Fax: (334) 269-3115

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Defendant Nick Napoli on October 21, 2005 by leaving the copy with the clerk of the court pursuant to Federal Rule of Civil Procedure 5(b).

/s Leslie E. Williams_____
OF COUNSEL

3

162042.1